IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 23-cv-2849 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | Hon. Rebecca R. Pallmeyer |
| OLUFUNMILOLA AYANKAYO, | ) | Judge Presiding |
| MARLENE HENZE, CHARLES TRUITT, | ) | |
| HELEN BRUCKNER, NURSE | ) | |
| MITCHELL, BRIANNA ORR, and NURSE | ) | |
| Doe #1, Nurse Doe #2, Nurse Doe #3, | ) | |
| Nurse Doe #4, Nurse Doe #5, Nurse | ) | |
| Doe #6, Nurse Doe #7, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANTS',
WEXFORD HEALTH SOURCES, INC., MARLENE HENZE, HELEN
BRUCKNER, AND BRIANA ORR,
MOTION TO STRIKE REBUTTAL EXPERT REPORT AND BAR EXPERT REBUTTAL
OPINIONS OF DR. KUSHAL PATEL AND TO STAY AND/OR EXTEND FURTHER
EXPERT DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC., MARLENE HENZE, HELEN BRUCKNER, and BRIANA ORR (hereinafter, the "Defendants"), by and through their attorneys, CONNOLLY KRAUSE LLC, and hereby move the Court to strike Plaintiff Andrew Wesley's rebuttal expert report of Dr. Kushal Patel, to stay remaining expert rebuttal discovery pending the resolution of this Motion, and to extend and/or stay the currently set dispositive motion deadlines pending the resolution of this Motion. In support thereof, Defendants state as follows:

1. On July 29, 2025, this Court set forth an expert discovery schedule as follows: the parties were to simultaneously disclose experts by August 27, 2025; all expert depositions were to

1

be completed by September 30, 2025; rebuttal expert disclosures were to be disclosed by October 15, 2025; and rebuttal expert depositions are to be completed by October 31, 2025.

2. On August 27, 2025, Plaintiff disclosed Dr. Kushal Patel as his retained expert and produced the 28-page "Expert Declaration of Dr. Kushal Patel" that he drafted.

3. Defendants deposed Dr. Patel on September 15, 2025. During the course of Dr. Patel's deposition he made several key concessions. In particular, he testified that he had no opinions against any of the Defendants; and he testified that he would defer his opinions to Defendants' expert, Dr. Koniaris. The practical effect of these concessions was that they rendered Dr. Patel's report and opinions moot.

4. On October 15, 2025, Plaintiff disclosed the 16-page "Expert Declaration of Dr. Kushal Patel" drafted by and signed by Dr. Patel on October 15, 2025, pursuant to Rule 26(a)(2)(D)(ii). *See* Fed. Rules Civ. Proc. R. 26(a)(2)(D)(ii) ("evidence [] intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)…").

5. While Federal Rule 26(a)(2)(D)(ii) does not address rebuttal expert reports, parties may not advance new arguments for the first time in a rebuttal expert report. *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 U.S. Dist. LEXIS 85897, *1 (N.D. Ill. June 19, 2013).

6. Further, experts are not permitted to offer legal opinions, make legal conclusions, or testify about applicable principles of law. *Jiminez v. City of Chi.*, 732 F.3d 710, 721 (7th Cir. 2013).

7. Dr. Patel's October 15th "rebuttal" report does precisely what rebuttal reports should not do. Dr. Patel's "rebuttal" report is improper because and should be stricken because (a) it

includes wholly new opinions; (b) serves to bolster his prior opinions and is not truly rebuttal; and (c) it includes legal and factual conclusions that invade the province of the court and jury.

8. Additionally, while the Parties brief and while the Court rules on this instant *Motion*, the Defendants request that the Court stay the current schedule for completing the depositions of rebuttal experts. *See* Fed. Rules Civ. Proc. R. 6(b)(1)(A). Dr. Patel's deposition is tentatively arranged for October 27, 2025, with a deadline to complete rebuttal depositions by October 31, 2025.

9. Alternatively, should the Court be inclined to deny this motion in whole or in part, the Defendants seek an extension of time to complete the deposition of Dr. Patel based on his rebuttal report.

10. Lastly, the Defendants respectfully requests that the Court stay the current dispositive motion schedule deadline, currently set for November 17, 2025, while the Parties and Court resolve this issue. In accordance with Rule 6(b), Defendants respectfully request that upon resolving this Motion that the Court extend the dispositive motion schedule commensurate with the respective time required to reach a resolution on the issue presented in this *instant* Motion. *See* Fed. Rules Civ. Proc. R. 6(b)(1)(A).

11. Prior to the filing of this *instant* Motion the Parties held a Rule 37.2 conference on October 17, 2025, and follow-up correspondence on October 20, 2025, and October 21, 2025, to discuss the fact that Dr. Kushal Patel's rebuttal report is not a true rebuttal report and must be withdrawn. The Parties were unable to reach an agreement on the withdrawal of Dr. Patel's rebuttal report.

12. Additionally, Defendants attempted to reach an agreed briefing schedule on this Motion so as to expedite its briefing and ruling, but Plaintiff refused to agree to any briefing schedule.

13. The Defendants have filed a Memorandum of Law in Support of its Motion to Strike Rebuttal Expert Report and Bar Expert Rebuttal Opinions of Dr. Kushal Patel concurrently with this *instant* Motion and incorporate the same herein by reference.

WHEREFORE, for the above and foregoing reasons, Defendants, WEXFORD HEALTH SOURCES, INC., MARLENE HENZE, HELEN BRUCKNER, and BRIANA ORR, respectfully request this Honorable Court enter an Order staying expert discovery while the Court addresses Defendants' *instant* motion, striking Dr. Kushal Patel's purported rebuttal report, or, alternatively, extending the time to complete the deposition of Dr. Patel based on his expert report, and extending the dispositive motion deadline commensurate with the respective time required to reach a resolution on the issue presented by this Motion; and for any other relief that this Court deems just and fair.

Respectfully submitted,
WEXFORD HEALTH SOURCES, INC., DR. MARLENE HENZE, HELEN BRUCKNER, & BRIANA ORR

Date: October 21, 2025

By: /s/ Victor F. Price
Counsel for *Wexford Health Sources, Inc.*, *Dr. Marlene Henze*, *Helen Bruckner*, & *Briana Orr*

Robert S. Tengesdal -- rtengesdal@cktrials.com
Victor F. Price -- vprice@cktrials.com
CONNOLLY KRAUSE LLC
500 West Madison Street, Suite 3900
Chicago, IL 60661
Ph. (312) 253-6200

4

## CERTIFICATE OF SERVICE

      I hereby certify that on Thursday, October 21, 2025, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/ECF system. All of the participants in the case will be served by the CM/EFC system.

Date: October 21, 2025                                  By:    /s/ Victor F. Price

CONNOLLY KRAUSE LLC
500 West Madison Street, Suite #3900
Chicago, IL 60661